UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THUY XUAM PHAM | CIVIL ACTION NO. 22-0235 |
| | SECTION P |
| VS. | |
| | JUDGE ELIZABETH E. FOOTE |
| UNIDENTIFIED DEA AGENT, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Plaintiff Thuy Xuam Pham, a prisoner proceeding pro se and in forma pauperis, filed this proceeding on approximately January 26, 2022, ostensibly under 42 U.S.C. § 1983. [doc. # 1]. Plaintiff names an unidentified DEA agent and an unidentified captain as defendants.

Plaintiff's claims arose in Jefferson Parish. He claims that in Gretna, Louisiana, the unidentified defendants detained him, utilized excessive force, and searched his home without producing a warrant. *Id.* He was released from jail "with no charges" approximately five hours after he arrived at the Jefferson Parish Jail. He seeks monetary compensation.

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions in 28 U.S.C. § 1391(b). To the extent Plaintiff's claims arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), venue is still determined under 28 U.S.C. § 1391(b), because Plaintiff seeks monetary compensation.[1]

Section 1391 provides that a "civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

---

[1] *Stafford v. Briggs*, 444 U.S. 527, 542–45 (1980).

the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Venue for this action is inappropriate in the Western District of Louisiana because Plaintiff does not allege that Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this judicial district, and a substantial part of any property that may be the subject of this action is not situated in this judicial district. Moreover, there is a judicial district in which this action may otherwise be brought: a substantial part of the alleged events or omissions giving rise to Plaintiff's claims allegedly occurred in Jefferson Parish. Thus, venue is appropriate there. The Eastern District of Louisiana embraces Jefferson Parish. 28 U.S.C. § 98(a).

Accordingly, under 28 U.S.C. § 1406(a),

**IT IS ORDERED** that this proceeding is **TRANSFERRED** to the United States District Court, Eastern District of Louisiana.

In Chambers, Monroe, Louisiana, this 1st day of February, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge